UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERICK RODRIGUEZ JIMINEZ,

                              Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                    09-CV-50S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

                              Defendant.


## I.  INTRODUCTION

        Presently before this Court is Defendant's Motion for Judgment on the Pleadings.

(Docket No. 10.)  Despite three separate Scheduling Orders directing Plaintiff to respond

to Defendant's Motion, Plaintiff has failed to submit a response.  In light of the foregoing,

and for the reasons stated below, this case is dismissed with prejudice.


## II.  BACKGROUND

        Plaintiff commenced this action *pro se* on January 15, 2009, by filing a Complaint

in this Court, naming the Commissioner of Social Security, as the Defendant.  (Docket No.

1.)  On July 20, 2009, Defendant moved for judgment on the pleadings pursuant to Rule

12(c) of the Federal Rules of Civil Procedure.  (Docket No. 10.)  Thereafter, this Court

issued a Scheduling Order, directing Plaintiff to submit a response to Defendant's Motion

by September 15, 2009.  (Docket No. 12.)  Plaintiff, however, did not file a response by

September 15, 2009.

This Court then issued another Scheduling Order on October 2, 2009. (Docket No. 14.) Therein, this Court directed Plaintiff to submit a response by October 15, 2009. (Id.) The Scheduling Order also warned Plaintiff that his failure to respond by October 15, 2009, may result in the dismissal of this case for failure to prosecute. (Id.) Plaintiff did not submit a response by October 15, 2009.

On December 10, 2009, this Court issued a third Scheduling Order directing Plaintiff to submit a response by January 18, 2010. (Docket No. 15.) This Court warned Plaintiff that his failure to submit a response by said date may result in the dismissal of his case, and that no extensions of time will be given. (Id.) Plaintiff did not submit a response by January 18, 2010, nor has he done so to date.

## III.  DISCUSSION

### A.     Dismissal under Rule 41(b) For Failure to Prosecute

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendants have not specifically moved for dismissal under Rule 41(b) — such as in this case —  a court may nonetheless order dismissal *sua sponte*.  See Link

v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell

Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  In Link, the Supreme Court

noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has

generally been considered an 'inherent power,' governed not by rule or statute but by the

control necessarily vested in courts to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases."[1]  Link, 370 U.S. at 630-31.

Rule 41(b) does not define failure to prosecute.  But the Second Circuit has stated

that failure to prosecute "can evidence itself either in an action lying dormant with no

significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at

42.  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43

("the scope of review of an order of dismissal is confined solely to whether the trial court

has exercised its inherent power to manage its affairs within the permissible range of its

discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations."

Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v.

Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v.

Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of

dismissal for failure to prosecute as "pungent, rarely used, and conclusive").  This is

particularly true in cases involving pro se plaintiffs, where dismissal for failure to prosecute

should only be granted "when the circumstances are sufficiently extreme." Lucas v. Miles,

84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d

---

[1] This authority is of ancient origins.  Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

482, 487 (2d Cir. 1994)).

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). In the present case, these factors weigh in favor of dismissal.

## 1.    Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255. There is no "magic number" determining the length of the delay constituting a significant duration. Copeland v. Rosen, 194 F.R.D. 127, 132 (S.D.N.Y. 2000).

Here, Plaintiff is solely at fault for failing to prosecute. For approximately the past six months, from July 20, 2009 through the date of this decision, Plaintiff's inaction has brought this case to a near standstill as he failed to respond to Defendants' Motion for Judgment on the Pleadings despite three scheduling orders from this Court, and has failed to take any action at all during this time. Six months is a failure of significant duration. See, e.g., Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (stating that it is possible that a

delay of thirty-nine days could be considered significant); <u>Deptola v. Doe</u>, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference); <u>Wilson v. Oxford Health Plans (N.Y.), Inc.</u>, No. 01-CV-3417, 2002 WL 1770813, at *2-4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after plaintiff failed to respond to court's order); <u>Lopez v. Catholic Charities of the Archdiocese of New York</u>, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute . . . action at all" for three months); <u>Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.</u>, No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal); <u>Peters-Turnbull v. Board of Educ. of the City of New York</u>, No. 96-CV-4914, 1999 WL 959375, at *2-3 (S.D.N.Y. Oct. 20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").

Because all delay in this case is attributable to Plaintiff, and is of significant duration, this factor weighs in favor of dismissal.

### *2.* **Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. <u>See</u> <u>Martens v. Thomann</u>, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, there is no question that Plaintiff had adequate notice that his case could be dismissed as two Scheduling Orders notified him that the Court was considering dismissal based upon his failure to submit a response to Defendant's Motion for Judgment

on the Pleadings. (Docket Nos. 14 and 15); see also Nolan v. Primagency, Inc., No. 07-CV-134, 2008 WL 1758644, at *3 (S.D.N.Y. Apr 16, 2008) (citing Shannon v. General Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.")). Therefore, this factor weighs in favor of dismissal of his case.

### 3. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328,

331 (2d Cir. 1968)). Plaintiff's inaction has caused this Court to prepare and file three scheduling orders, and has delayed this case for approximately four months. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

Nevertheless, Plaintiff has been afforded Due Process rights in that he has been provided ample opportunity to comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is the opinion of this Court any sanction short of dismissal would be ineffective. See e.g., Smith v. Human Res. Admin. of New York City, No. 91-CV-2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

7

. . .

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies, and constitute actual neglect. Plaintiff has failed to diligently prosecute this action, and has failed to comply with Orders of this Court. As such, each of the factors relevant to the Rule 41(b) analysis favors dismissal.

## V. ORDERS

IT HEREBY IS ORDERED, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated:   January 29, 2010
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court